7     UNITED STATES DISTRICT COURT

8     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   JOSEPH MATTHEW MENDEZ,                  No. 2:16-cv-0477 KJM AC P

11          Plaintiff,

12     v.                                    ORDER

13   B. LEE, et al.,

14          Defendants.

15

16       Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested

17   appointment of counsel. See ECF No. 28. In support of the motion, plaintiff states that he has

18   reached a point in his case where he is "totally confused."[1] See id.

19       The United States Supreme Court has ruled that district courts lack authority to require

20   counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490

21   U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the

22   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d

23   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

24       The test for exceptional circumstances requires the court to evaluate the plaintiff's

25   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

26   _____

27   [1] In the motion, plaintiff also inquires as to whether there is a "packet for an appointment of
     counsel" that may be sent to him. See ECF No. 28. The court informs him that there is no such
28   packet.

1

light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 28) is DENIED.

DATED: March 13, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE